a

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## ALEXANDRIA DIVISION

| | |
|---|---|
| ANDRES YBARRA #43010-480,<br>Petitioner | CIVIL DOCKET NO. 1:26-CV-01020<br>SEC P |
| VERSUS | JUDGE DRELL |
| WARDEN F C C  POLLOCK,<br>Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 filed by pro se Petitioner Andrews Ybarra ("Ybarra").  Ybarra is imprisoned at the Federal Correctional Institution in Pollock, Louisiana ("FCI Pollock").  He challenges the computation of his sentence by the Bureau of Prisons ("BOP").

Because Ybarra failed to exhaust administrative remedies, the Petition should be DISMISSED WITHOUT PREJUDICE.

## I.    Background

On April 30, 2020, Ybarra was convicted of possession with intent to distribute five grams or more of methamphetamine.  *United States v. Ybarra*, 7:19-CR-0246 (W.D. Tex.), ECF No. 46.  He was sentenced to 115 months of imprisonment.  *Id.*

On July 30, 2020, Ybarra was convicted of evading arrest with a motor vehicle in the 441st Judicial District Court Midland County, Texas, under Docket No. CR54699. He was sentenced to 8 years of imprisonment.  Because the state offense occurred on November 6, 2019, and was relevant conduct to the federal offense, the

1

sentencing judge ordered that the federal sentence run concurrently to the later imposed state sentence. *Id.* at ECF No. 49.

Ybarrra challenges the computation of his sentence by the BOP.

## II.    Law and Analysis

A petitioner seeking relief under § 2241 must first exhaust administrative remedies through the BOP's four-step process. *Rourke v. Thompson*, 11 F.3d 47, 49 (5th Cir. 1993) (citing *United States v. Gabor*, 905 F.2d 76, 78 n. 2 (5th Cir. 1990)); *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992) (holding that exhaustion of administrative remedies is a prerequisite to § 2241 relief). First, a prisoner must attempt to informally resolve the complaint with staff. 28 C.F.R. § 542.13(a). If informal attempts are unsuccessful, the prisoner must submit a Request for Administrative Remedy to the warden. *See* 28 C.F.R. § 542.14. If the prisoner is not satisfied with the warden's response, he may appeal to the Regional Director. *See* 28 C.F.R. 542.15. If still unsatisfied, the prisoner may file a national appeal to the Office of General Counsel as the final step in the administrative appeal process. *Id.* Only after exhausting these available administrative remedies may an inmate seek relief through a § 2241 petition. *See Gabor*, 905 F.2d at 78 n. 2.

The exhaustion requirement applies to the computation of sentences. *See, e.g. Gabor*, 905 F.2d at 78 n.2; *see also Rodriguez v. Lamar*, 60 F.3d 745, 747 (11th Cir. 1995). "Exceptions to the exhaustion requirement are appropriate where the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a

patently futile course of action." *Williams v. Willis*, 765 F. App'x 83, 83-84 (5th Cir. 2019) (citations omitted); *see also Conwell v. Bureau of Prisons*, 41 F.3d 664 (5th Cir. 1994); *Garza v. Davis*, 596 F.3d 1198, 1203 (10th Cir. 2010). And exceptions apply only in "extraordinary circumstances." *Fuller v. Rich*, 11 F.3d 61 (5th Cir. 1994). Finally, the petitioner has the burden of demonstrating that an exception to the exhaustion requirement applies. *See id.*

Ybarra alleges that he submitted a BP-10 to the Regional Director on April 2, 2026, but he had not received a response as of the date he signed his Petition, April 7, 2026. ECF No. 5 at 3. Therefore, he has not exhausted administrative remedies.

Ybarra states that "exhaustion should be excused due to irreparable harm." ECF No. 1 at 1. But Ybarra's conclusory allegation is not an extraordinary circumstance excusing exhaustion. This court and others have declined to excuse exhaustion even when there is a possibility of a petitioner's sentence expiring while the administrative remedy process is pending. *See Gayton v. Rivers*, 3:23-CV-1842, 2023 WL 8007387, at *2 (N.D. Tex. Aug. 24, 2023*), recommendation adopted*, 2023 WL 8005316 (N.D. Tex. Nov. 17, 2023); *Sadiq v. Bayshore*, 1:22-CV-02138, 2022 WL 16955528, at *1 (W.D. La. Oct. 27, 2022), *recommendation adopted,* 2022 WL 16951649 (W.D. La. Nov. 15, 2022) (possibility of Sadiq's sentence expiring while the administrative remedy process is pending falls short of the "extraordinary circumstances" required); *Goss v. Longley*, 2014 WL 4658970, at *2 (S.D. Miss. 2014) ("possibility of [petitioner's] sentence expiring while the administrative remedy process is pending falls short of the 'extraordinary circumstances' required").

3

The BOP should have the opportunity to correct any error made in calculating Ybarra's sentence. *See Smith v. Thompson*, 937 F.2d 217, 219 (5th Cir. 1991) (agency should be given opportunity to correct its own error before aggrieved party seeks judicial intervention). Ybarra is required to exhaust administrative remedies prior to seeking relief in federal court.

### III. Conclusion

Because Ybarra failed to exhaust administrative remedies, IT IS RECOMMENDED that the Petition (ECF Nos. 1, 5) be DISMISSED WITHOUT PREJUDICE.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Monday, June 1, 2026.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE

4